# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mark Alan Lane, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-0981 (ESH) |
| | ) |
| Federal Bureau of Prisons, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the complaint under the screening provisions of 28 U.S.C. § 1915A.[1] Plaintiff, a prisoner at the United States Penitentiary in Lompoc, California, sues the Bureau of Prisons ("BOP") under the Privacy Act, 5 U.S.C. § 552a, for allegedly refusing to amend a 2002 judgment and commitment order contained in his inmate file to include his grand jury indictment. Plaintiff claims that the alleged inaccurate record is adversely affecting his custody and seeks injunctive relief and monetary damages. *See* Compl. at 3-4. Because the instant complaint presents a claim that was or could have been raised in a previous action, the Court will dismiss this action as procedurally barred.[2]

---

[1] Section 1915A requires the Court to screen a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing" and to dismiss it upon a determination that the complaint, among other enumerated grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b)(1).

[2] By Order of May 26, 2011, plaintiff was directed to supply certain financial information to permit the Court to rule on his motion to proceed *in forma pauperis* ("IFP"). While that order was outstanding, plaintiff tendered the $350.00 filing fee applicable to civil actions on June 8, 2011. On June 28, 2011, plaintiff supplied the financial information, prompting the Court to then grant his IFP application and assess an initial partial filing fee. (*See* Dkt. # 5.) Under the filing fee requirements of the Prison Litigation Reform Act, a prisoner who "brings a civil action . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. §
(continued...)

Under the principle of res judicata, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)); *see Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010) ("Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.") (citation and internal quotation marks omitted). Res judicata bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

This Court previously adjudicated the merits of plaintiff's claim against BOP arising from BOP's maintenance of plaintiff's presentence investigation report contained in his inmate file. *See Lane v. Fed. Bureau of Prisons*, Civ. No. 08-1269 (RJL) (D.D.C. June 9, 2009) (Mem. Op.) [Dkt. # 26] (*Lane I*) (finding BOP's inmate records to be exempt from the Privacy Act's accuracy, amendment, and damages provisions), *aff'd* No. 09-5228 (D.C. Cir. Jan. 7, 2010) [Dkt. # 36]. Because plaintiff could have included in the prior action the current claim arising from BOP's maintenance of the judgment and commitment order contained in his inmate file, he

---

[2](...continued)
1915(b)(1). This "obligation to pay the filing fee [arises] at the time he [seeks] to file his [case]." *In re: Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997). Because plaintiff has satisfied the filing fee requirement, the Court will vacate the Order assessing a partial filing fee.

is foreclosed from litigating this claim in a new action.[3] Therefore, the case will be dismissed. *See Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) ("While it is true that res judicata is an affirmative defense, courts may dismiss *sua sponte* when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.' ") (*quoting Arizona v. California*, 530 U.S. 392, 412 (2000)); *Ficken v. Golden*, 696 F. Supp. 2d 21, 34 n.13 (D.D.C. 2010) ("[B]ecause res judicata belongs to courts as well as to litigants, a court may invoke res judicata sua sponte.") (citations and internal quotation marks omitted). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 8, 2011

---

[3] Even if the claim is not precluded, the overarching issue of whether plaintiff had any recourse against BOP under the Privacy Act was adjudicated in *Lane I*. Therefore, plaintiff would be collaterally estopped from litigating the same issue anew. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). Furthermore, because the reasons supporting the dismissal of *Lane I* would apply equally to this action, dismissal would be warranted also under § 1915A for failure to state a claim upon which relief may be granted.