# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
MARK A. LANE,                             )
                                          )
    Plaintiff,                            )
                                          )
    v.                                    )        Civil Action No. 11-0981 (ESH)
                                          )
FEDERAL BUREAU OF PRISONS,                )
                                          )
    Defendants.                           )
_____ )

## MEMORANDUM OPINION AND ORDER

On July 11, 2017, this Court denied plaintiff Mark A. Lane's motion to reconsider the 2011 Memorandum Opinion and Order dismissing the above-captioned case. (*See* Order, ECF No. 17 ("July 2017 Order").) Plaintiff now moves for reconsideration of that Order. (*See* Pl.'s Second Mot. for Reconsideration, Oct. 10, 2017, ECF No. 18 ("2d Mot.").) For the reasons stated herein, the motion is denied.

## BACKGROUND

In 2008, plaintiff filed a Privacy Act suit against the Bureau of Prisons ("BOP"), claiming that the BOP was violating the Act by maintaining a copy of plaintiff's presentence investigation report in his inmate file. *See Lane v. Fed. Bureau of Prisons*, No. 08-cv-1269 (D.D.C. June 11, 2009), *aff'd*, No. 09-5228 (D.C. Cir. Jan. 7, 2010). The case was dismissed on the ground that the BOP's inmate records are exempt from the Privacy Act's accuracy, amendment, and damages provisions. *Id.*, *slip op.* at 2.

In 2011, plaintiff filed the above-captioned case, which is also under the Privacy Act and against the BOP. In this instance, plaintiff claims that the BOP is maintaining an inaccurate

record in violation of the Privacy Act by declining his request to supplement the Judgment and

Commitment Order in his inmate file with his Grand Jury Indictment. (*See* Compl. at 4, ECF

No. 1.) Concluding that plaintiff's new claim could have been raised in his earlier Privacy Act

case against the BOP, this Court dismissed the case as procedurally barred by the doctrine of res

judicata:

> This Court previously adjudicated the merits of plaintiff's claim against BOP
> arising from BOP's maintenance of plaintiff's presentence investigation report
> contained in his inmate file. *See Lane v. Fed. Bureau of Prisons*, Civ. No. 08-
> 1269 (RJL) (D.D.C. June 9, 2009) (Mem. Op.) [Dkt. # 26] (*Lane I*) (finding
> BOP's inmate records to be exempt from the Privacy Act's accuracy, amendment,
> and damages provisions), *aff'd* No. 09-5228 (D.C. Cir. Jan. 7, 2010) [Dkt. # 36].
> Because plaintiff could have included in the prior action the current claim arising
> from BOP's maintenance of the judgment and commitment order contained in his
> inmate file, he is foreclosed from litigating this claim in a new action.

(*See* Memorandum Opinion at 2-3, ECF No. 7 ("2011 Mem. Op."); Order, ECF No. 8 ("2011

Dismissal Order").)

Six years later, plaintiff filed a motion asking the Court to reconsider and vacate its 2011

Memorandum Opinion and Dismissal Order. (Pls.' First Mot. for Reconsideration, ECF No. 16.)

After the Court denied that motion (*see* July 2017 Order), plaintiff filed the pending motion for

reconsideration.

## ANALYSIS

Plaintiff seeks reconsideration of the July 2017 Order on the ground that the Court failed

to address one of the arguments in his first motion: his contention that the application of the

doctrine of res judicata constituted fraud by the district court. (*See* 2d Mot. at 1 ("The

Plaintiff/Petitioner would like the District Court Judge to address the Fraud the District Court

committed upon the Plaintiff/petitioner . . . . The District Court used Rule 54, for Lack of

Jurisdiction pursuant to RES_JUDICATA, which was a Fraud by the District Court Judge . . .

.".).)  The Court did not expressly address this argument in its July 2017 Order, so it will do so now.

In his initial motion for reconsideration, plaintiff argued that the 2011 Dismissal Order should be vacated because:

> The Memorandum Opinion by the District Court was Fraud; Misrepresent[at]ion, or Misconduct by the District Court.  As the District Court is aware, That RES-JUDICATA is when the parties are the same, the same grounds or claims; and the respondent has a judgment in the[ir] favor. The District Court claimed that RES-JUDIC[A]TA bars the relitigation of issu[es] that [WERE] or could have been raised in a prior action.

(Pl.'s Mot. to Vacate at 1.)  However, there is no procedural vehicle that would allow the Court to grant the relief plaintiff seeks.  Federal Rule of Civil Procedure 60 sets out the grounds for relief from a final judgment or order.  Within Rule 60 there are only two provisions that mention fraud or misrepresentation: Rule 60(b)(3) and Rule 60(d)(3).  Neither applies here.

Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  The time limit, though, for seeking relief pursuant to Rule 60(b)(3) is "no more than a year after the entry of the judgment or order."  Plaintiff filed his first motion for reconsideration six years after the entry of the 2011 Dismissal Order, so he cannot obtain relief under this provision.

Rule 60(d)(3) provides that a court always has the power "to set aside a judgment for *fraud on the court*," Fed. R. Civ. P. 60(d)(3) (emphasis added).  "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.  Fraud upon the court refers only to very unusual cases involving far more than an injury to a single litigant. Examples include the bribery of a judge or the knowing participation of an attorney in the presentation of perjured testimony."

*Baltia Air Lines, Inc. v. Transaction Mgt., Inc.*, 98 F.3d 640, 642–43 (D.C. Cir. 1996) (internal citations and quotation marks omitted). "Relief due to fraud on the court is very rarely warranted and is typically confined to the most egregious cases . . . in which the integrity of the court and its ability to function impartially is directly impinged." *More v. Lew*, 34 F.Supp.3d 23, 28 (D.D.C. 2014) (internal quotation marks omitted). Plaintiff fails to explain, and the Court does not see, how the dismissal of a case based on the application of the doctrine of res judicata could constitute a "fraud on the court" (or fraud by the court).

Even if there were a procedural path for plaintiff to bring his claim, it would not succeed. Despite the label of "fraud," the essence of plaintiff's claim is that the Court made a legal error. However, plaintiff's argument is premised on a misunderstanding of the scope of the doctrine of res judicata. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the *same cause of action*." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 949 (D.C. Cir. 1983) (emphasis added). "Two cases implicate the same cause of action if they share the same nucleus of facts." *Lopez v. Huff*, 508 F. Supp. 2d 71, 76 (D.D.C. 2007) (citing *Drake v. Fed. Aviation Admin*., 291 F.3d 59, 66 (D.C. Cir. 2002)). Thus, res judicata bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis added)); *see also I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co*., 723 F.2d 944, 949 (D.C. Cir. 1983) (claim preclusion "forecloses all that which might have been litigated previously"). As the Court explained in its 2011 Memorandum Opinion, plaintiff sought to bring a second Privacy Act claim against the BOP also challenging the content of

BOP's inmate record.  There is no question that these two claims implicated the same cause of action and that the issue in the second case could have been raised in the earlier case.  Thus, the doctrine of res judicata was a proper basis for dismissal, and plaintiff's motion for reconsideration is without merit.

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that plaintiff's motion for reconsideration of the July 2017 Order is **DENIED**.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 10, 2018